United States District Court
District of Massachusetts

| | |
|---|---|
| LUIS BUILES, </br></br> Petitioner, </br></br> v. </br></br> GEORGE WIGEN, </br></br> Respondent. | Civil Action No. </br> 13-12222-NMG |

**MEMORANDUM & ORDER**

GORTON, J.

Petitioner Luis Builes ("Builes" or "petitioner"), currently serving a lengthy federal sentence based, at least in part, on a 1989 state conviction for drug trafficking, filed a motion under 28 U.S.C. § 2254 to have the 1989 conviction vacated. Petitioner argues that (1) he is actually innocent of the 1989 charge, (2) his constitutional rights were violated by the ineffective assistance of his attorney, (3) he is entitled to an exception for his failure to exhaust state remedies and (4) his constitutional rights were violated when he was allowed to enter an involuntary guilty plea.

Respondent George Wigen ("Wigen" or "respondent") counters that Builes' claims are time barred by the one-year statute of limitations in the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2244(d), and that Builes is not currently in custody pursuant to his 1989 state conviction.

-1-

Without reaching the merits of respondent's opposition, the Court will dismiss Builes' petition because it is a "second or successive petition" which may not be filed unless the petitioner

> obtain[s] an order from the appropriate court of appeals authorizing the district court to consider the petition as required by 28 U.S.C. § 2244(b)(3) and (4).

Rule 9, Rules Governing Section 2254 Cases in the United States District Courts. Here, the record reflects that Builes previously filed a § 2254 petition attacking his 1989 conviction and that it was dismissed in July, 2011 by former United States District Judge Nancy Gertner as unexhausted "because he never pursued a direct appeal of his 1989 conviction." Builes v. Coakley, 10-cv-11286, Order of July 27, 2011) (citing Rose v. Lundy, 455 U.S. 509, 518-19 (1982)). The First Circuit Court of Appeals affirmed the dismissal in February, 2012, and the Supreme Court denied a petition for a writ of certiorari in October, 2012.

Accordingly, Builes' subject petition is a "second or successive petition" under 28 U.S.C. § 2244(b)(3) and must be dismissed for failure to seek leave from the First Circuit. See Cook v. Ryan, 12-cv-11840-RWZ, 2012 WL 5064492, at *2 (D. Mass. Oct. 15, 2012) (dismissing, sua sponte, § 2254 petition as "second or successive" based on "the dismissal of [an] earlier petition").

-2-

Even if this Court were to find that Builes' petition were not a "second or successive" petition, Judge Gertner's initial conclusion in 2011 that Builes' claims were unexhausted remains law of the case. A claim for habeas corpus relief is "exhausted" when it has been "fairly presented" to the state courts which means that the petitioner must have presented the issue to the state's highest court. Baldwin v. Reese, 541 U.S. 27, 29 (2004); see also 28 U.S.C. § 2254(b)(1)(A). Here, while petitioner filed motions for a new trial and petitions for a writ of coram nobis in the state court, he did not appeal the denial of those motions to the Massachusetts Supreme Judicial Court. Thus, he failed to invoke "one complete round of the State's established appellate review process." O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999).

Finally, the Court notes that petitioner does not qualify for any exception to the exhaustion requirement. That exception applies to "colorable claims of actual innocence," an inference which the facts of this case do not permit. Coningford v. Rhode Island, 640 F.3d 478, 482 n.2 (1st Cir. 2011) (citing House v. Bell, 547 U.S. 518, 522 (2006)).

Based upon its conclusions, the Court need not reach the other grounds argued by the parties.

## ORDER

For the foregoing reasons, respondent's motion for judgment on the pleadings (Docket No. 10) is **ALLOWED,** the case is **DISMISSED** and a Certificate of Appealability is **DENIED**.

**So ordered.**

/s/ Nathaniel M. Gorton
Nathaniel M. Gorton
United States District Judge

Dated June 25, 2014